UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 97-6987

EMMANUEL UMEGBOLU,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Benson E. Legg, District Judge.
(CR-92-371, CA-97-1257-L)

Submitted: March 10, 1998

Decided: April 30, 1998

Before WILKINS and HAMILTON, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Emmanuel Umegbolu, Appellant Pro Se. Thomas Michael DiBiagio,
OFFICE OF THE UNITED STATES ATTORNEY, Baltimore,
Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Emmanuel Umegbolu appeals from a district court order denying his motion under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997). We deny a certificate of appealability and dismiss.

In December 1995, Umegbolu pled guilty to conspiracy to distribute heroin and was sentenced to 140 months imprisonment.[1] On April 23, 1997, Umegbolu filed a § 2255 motion alleging that the government had failed to disclose exculpatory video and audio tapes and making a general claim of ineffective assistance. The government responded that all tapes were turned over to defense counsel before trial and that Umegbolu's attorney had performed competently. The district court denied the motion on June 30, 1997. Umegbolu appealed this order on July 15, 1997.

Umegbolu then moved to dismiss his appeal so that the district court could consider an Addendum to his § 2255 motion, which he claimed had been filed shortly before the district court denied the motion. We construed the motion to dismiss as a motion for limited remand and remanded the case to allow the district court to consider the Addendum. In the Addendum, Umegbolu made three additional ineffective assistance claims: that his attorney failed to note an appeal, to contest the amount of heroin used to compute his sentence, and to object to the role adjustment.[2]

_____

[1] His guilty plea came two years after several members of his drug organization were convicted of murder for hire and related offenses. Umegbolu had ordered the murder of a distributor in Baltimore who refused to pay for heroin he had received. Umegbolu's prosecution was delayed because he was convicted of a heroin offense in Canada and served over two years in prison there before being extradited to the United States.

[2] The record reveals that, in his plea agreement, Umegbolu waived the right to appeal his sentence and agreed to the drug amount for which he was responsible, to an aggravated role adjustment, and to the guideline range of 121-151 months used at sentencing.

2

After the case was remanded, the district court requested a copy of the Addendum from the court of appeals. The district court then reviewed the Addendum and determined that it was "in essence a second 2255 motion." The court found that Umegbolu had offered no justification for failing to raise all his claims of ineffective assistance in his first § 2255 motion. Finding that the second § 2255 motion was an abuse of the writ, the district court dismissed it with prejudice. In a footnote, the court also suggested that the second § 2255 motion was time-barred. See 28 U.S.C.A. § 2255.

We first find that Umegbolu's claim that the government failed to disclose exculpatory evidence was precluded by his guilty plea. A defendant who voluntarily pleads guilty to the charge against him cannot later attack his conviction by claiming that he was deprived of constitutional rights before he entered the guilty plea. See Tollett v. Henderson, 411 U.S. 258, 267 (1973). He may only attack the voluntariness of his plea on the ground that he received ineffective assistance of counsel. Id. In any case, Umegbolu did not claim that the government failed to disclose all the tapes to his lawyer, only that he did not personally have a chance to review the tapes.

Umegbolu's second issue is without merit. To succeed in an ineffective assistance claim in the context of a guilty plea, a defendant must establish that his attorney's performance fell below objective standards of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, he would not have pled guilty. See Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). Umegbolu made only a general claim of ineffectiveness which did not explain in what way his lawyer's performance was deficient. Umegbolu thus failed to meet his burden under Hill.

In his motion to dismiss his appeal, Umegbolu claimed that he had filed the Addendum just before the district court ruled on his § 2255 motion, and the Addendum was not considered because the court ruled so quickly. It is now apparent, however, that the district court did not receive a copy of the Addendum until after this court remanded the case. Under these circumstances, the district court properly treated the Addendum as a successive § 2255 motion submitted without authorization under 28 U.S.C.A. § 2244 (West 1994 & Supp. 1997). We need not consider whether the second § 2255 motion was

3

also time-barred, as the district court suggested. Umegbolu remains free to seek authorization from this court to file a successive § 2255 motion, because the district court was not free to rule on the merits of a second § 2255 motion without authorization from this court.

We therefore deny a certificate of appealability and dismiss the appeal from the district court's order denying Umegbolu's first § 2255 motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

4